J-S07011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERRAE COLBERT | : | |
| | : | |
| Appellant | : | No. 583 WDA 2020 |

Appeal from the Judgment of Sentence Entered January 30, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001809-2019

BEFORE: SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY SHOGAN, J.: **FILED: JUNE 8, 2021**

Appellant, Jerrae Colbert, appeals from the judgment of sentence entered January 30, 2020, in the Allegheny County Court of Common Pleas. Following a trial, a jury found Appellant guilty of two counts of Indecent Assault of a person less than 13 years of age, two counts of Endangering the Welfare of Children, and two counts of Corruption of Minors.[1] After careful review, we affirm.

We set forth the following procedural and factual history. This case involves two children, D.S. and A.H., who, at the time of trial, were ages five and ten, respectively. D.S. and A.H. are the children of William Spencer, although they do not have the same mother. In October of 2018, D.S., her brother, and Mr. Spencer lived with Mr. Spencer's cousin, Sydney Johnson.

_____

[1] 18 Pa.C.S. §§ 3126(a)(7), 4304(a)(1), and 6301(a)(1)(i), respectively.

A.H. lived with her mother, but would stay with Mr. Spencer on weekends and school breaks. In November of 2018, Appellant and his girlfriend also moved into Ms. Johnson's apartment. A.H. came to stay with Mr. Spencer over her Thanksgiving break from school in 2018.

During trial, A.H. testified that when she stayed with Mr. Spencer over Thanksgiving, Appellant and his girlfriend also were there. N.T., 10/18/19, at 190.[2] A.H. testified to an incident that occurred when Appellant was the only adult in the home. *Id*. at 191-192. While A.H. was lying on her back on Ms. Johnson's bed, Appellant touched her vagina over her clothes, and moved his hand around for a short period of time. *Id*. at 192-193. A.H. also testified that she saw Appellant abuse D.S. *Id*. at 194. Upon further questioning, A.H. changed her testimony and said that she learned Appellant had abused D.S. when D.S. told A.H. about the abuse. *Id*. at 195. A.H. testified that she was unable to remember if she actually observed Appellant abuse D.S. *Id*.[3] When Ms. Johnson returned home, A.H. and D.S were both standing in a corner because Appellant disciplined them. *Id*. at 124.

_____

[2] D.S. did not take the stand following a competency hearing wherein the trial judge found that she was not competent to testify. N.T., 10/16/19, at 15.

[3] Following additional questioning from the Commonwealth, A.H. was unable to remember whether she said, during an earlier forensic interview, that she witnessed the abuse. N.T., 10/18/19, at 195, 197. The certified record does not contain a copy of the forensic-interview video or a transcript of the interview. The trial court determined that A.H.'s testimony during the trial was inconsistent with the forensic interview. *Id*. at 225. The trial court played the forensic video, with irrelevant portions redacted, for the jury.

A.H.'s mother, Janelle Hurley, testified that A.H. stayed with Mr. Spencer over the Thanksgiving break of 2018. N.T., 10/18/19, at 128. She further testified that A.H. called her while A.H. was staying with Mr. Spencer and told her that Appellant "kept putting his hands on her and her sister and brother." *Id*. at 128. Ms. Hurley believed A.H. was referring to Appellant disciplining her, not that he touched her inappropriately. *Id*. A.H. did not provide more details during that telephone call, although A.H. testified during trial that she called her mom because Appellant disciplined her and touched her "private part." *Id*. at 129, 214.

Ms. Hurley further testified that in January of 2019, A.H. told her about the November incident of abuse. N.T., 10/18/19, at 130. The disclosure occurred in Ms. Hurley's car, after she had picked Mr. Spencer up because his car had broken down. *Id*. A.H., D.S. and R.S., who is D.S.'s brother, were all in the car at the time. *Id*. Ms. Hurley testified that A.H. stated that Appellant "touched her tu." *Id*. at 138.[4] After learning of the abuse, Ms. Hurley testified that she and Mr. Spencer immediately took the children to Children's Hospital. *Id*. at 131. On January 25, 2019, A.H. participated in a forensic interview at the Child Advocacy Center ("CAC"). Appellant was subsequently arrested.

Following a trial, the jury found Appellant guilty of the above crimes in relation to both A.H. and D.S. The trial court sentenced Appellant to an

---

[4] Ms. Hurley testified that "tu" or "tu-tu" is the term the family uses for vagina.

aggregate sentence of seven to fourteen years of incarceration, followed by fifteen years of probation. Sentencing Order, 1/30/20.

Appellant filed a post-sentence motion on February 10, 2020. Appellant argued, *inter alia*, that his sentence was excessive because it was inconsistent with the general sentencing principles in 42 Pa.C.S. § 9721, and the trial court failed to consider Appellant's rehabilitative needs. Post-Sentence Motion, 2/10/20, at unnumbered 2-3. Although the trial took place before Judge Mark Tranquilli, the case was reassigned post-trial to Judge Bruce R. Beemer, who denied the post-sentence motion.[5] Pursuant to Judge Beemer's order, Appellant timely filed a Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal on July 13, 2020. Judge Beemer subsequently ordered the record to be transmitted without opinion in order to avoid undue delay, due to Judge Tranquilli's unavailability.[6] Order, 7/15/20.

Appellant sets forth the following questions for our review:

---

[5] Although the trial court dated the order denying Appellant's post-trial motion 4/30/20, the time stamp on the order is dated 4/29/20. Regardless, Appellant's notice of appeal was timely filed on June 1, 2020, because the filing deadline for both dates fell on the final weekend in May of 2020. 1 Pa.C.S. § 1908.

[6] Judge Tranquilli was unavailable because he had been placed on suspension. Although Appellant raised the issue of Judge Tranquilli's suspension in his post-sentence motion, wherein Appellant's counsel averred that she was aware of several news reports regarding disparaging comments Judge Tranquilli made to, and regarding, African American individuals in his court room. Post-Sentence Motion, 2/20/20, at unnumbered 4-5. Appellant did not raise that issue in his brief before this Court. Thus, it is waived. ***Commonwealth v. Rhodes***, 54 A.3d 908, 915 (Pa. Super. 2012)

I. Did the trial court err in admitting the forensic interview in this case to be played for the jury because the judge "helped" the prosecutor takes steps necessary to admit the evidence, assuming the role of an advocate; and, more importantly, because the forensic interview is not an inconsistent statement admissible under Pa.R.E. 803.1?

II. Is the sentence imposed manifestly excessive and an abuse of the trial court's discretion in that [Appellant] was sentenced to a term of 29 years of supervision as a sex offender and the allegation is based upon placing his hand, over clothing, on the pubic area of the complainant and her sister?

Appellant's Brief at 9.

In his first issue, Appellant argues that the trial court erred when it allowed a recording of the forensic interview into evidence. Appellant's Brief at 28. Appellant posits that the trial court erred on two accounts. First, Appellant suggests that the trial judge "improperly asserted himself into the prosecution of [Appellant.]" *Id*. at 31. Second, Appellant avers that the forensic interview should not have been admitted because it was not a prior inconsistent statement. *Id*. at 33.

In support of his first argument, Appellant avers that the trial judge erred when he inserted himself into the proceedings and acted as an advocate for the Commonwealth by explaining what steps the Commonwealth needed to take to admit A.H.'s forensic interview into evidence, over Appellant's objection. Appellant's Brief at 28. The trial court made the following statement during a sidebar discussion with counsel:

All right, look here's what you need to do. If you don't, I'm going to clear this up. What you need to do is ask her do you remember being interviewed at CAC. If she says yes, when you were interviewed at CAC, did you tell the interviewer all the information

you did? If she says yes, was your memory better back then when you talked to the CAC or is it better today? All this time has passed and see what she says. If all those answers go the way I think they go, that lays a proper foundation for the prior inconsistent statement.

N.T., 10/21/19, at 199. After the sidebar had concluded, and the trial court overruled Appellant's objection to the introduction of the forensic video, the following exchange took place:

[Commonwealth]: Your Honor, at this time, I do not have any further questions.

The Court: I thought you said you had about three or four more questions that you wanted to ask?

[Commonwealth]: I was understanding that the objection was overruled. I can, Your Honor.

[Commonwealth]: [A.H.], do you remember when you talked to the nice lady at Children's Hospital?

[A.H.]: Yes.

[Commonwealth]: And do you think your memory is better now or was it better then?

[A.H.]: Probably both.

[Commonwealth]: Probably both? Let me ask you this, whenever you talked to the nice lady at Children's Hospital, did you tell her everything you knew at the time?

[A.H.]: Yes.

[Commonwealth]: And at the time was something you knew something that you saw happen?

[A.H.]: No.

[Commonwealth]: Do you remember telling the forensic interviewer that you saw something happen?

[A.H.]: I can't remember.

[Commonwealth]: You don't remember?

[A.H.]: I can't remember.

[Commonwealth]: Okay. Your Honor, at this time–

The Court: When you had this interview that we're talking about, do you remember the interview, remember when the lady talked to you with the bean bag?

[A.H.]: Yes.

The Court: Did you tell her the truth?

[A.H.]: Yes.

The Court: Alright, the objection is overruled.

N.T., 10/18/19, at 201-203. Although Appellant acknowledges that a trial judge may question a witness, he argues that this exchange went "beyond any reasonable limits in this regard." Appellant's Brief at 31. Specifically, Appellant maintains that the trial court "went outside the bounds of proper judicial questioning of a witness to instruct the prosecutor how to introduce evidence." *Id*. at 32.

In its brief, the Commonwealth responds that Appellant waived the issue because he failed to object. Commonwealth's Brief at 14. A review of the record supports the Commonwealth's assertion that Appellant did not object to the manner in which the trial court allegedly instructed the Commonwealth.

Although Appellant objected to the admission of the forensic interview on the ground that it was not a prior inconsistent statement, N.T, 10/18/20, at 201, that was the only objection lodged.

Pursuant to Pa.R.A.P. 302(a), "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Moreover, it is well established that "[t]his Court cannot review a case upon a theory different from that relied upon in the trial court, or raised for the first time on appeal." **Commonwealth v. Gordon**, 528 A.2d 631, 638 (Pa. Super. 1987). Further, "[a] theory of error different from that presented to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief." **Id**. **See also Commonwealth v. Ryan**, 909 A.2d 839, 844-845 (Pa. Super. 2006) (finding waiver where the defendant argued a different theory for why waiver of a preliminary hearing was improper). Thus, we find the issue waived.

However, even if we were to reach the merits, we would find Appellant is due no relief. The cases relied upon by Appellant are so factually distinct that they do not support his argument. Indeed, in **Commonwealth v. Butler**, 291 A.2d 89 (Pa. 1972), the trial judge questioned an alibi witness he believed was lying, and he contorted his face into "an extended grimace of surprise" at one of the answers given. **Id**. at 92. Our Supreme Court found that the actions of the trial judge may not indicate to a jury whether he believes certain witnesses are telling the truth. **Id**. Similarly in

*Commonwealth v. Mims*, 392 A.2d 1290 (Pa. 1978), the court engaged in a lengthy discussion with a witness in which the court "in effect told both [the witness] and the jury that the witness identified the 'wrong man.'" *Id*. at 1293

In the instant case, the trial court did not express any opinion as to A.H.'s credibility. The trial court also did not invade the province of the jury in any other way. If we were to reach the issue, we would find no error. *See Commonwealth v. Stamm*, 429 A.2d 4, 7-8 (Pa. Super. 1981) (finding no error where the trial court instructed the prosecution, in front of the jury, on how to lay a foundation for admitting evidence).

Appellant also argues that the trial court erred because A.H.'s forensic interview was not proper under Pa.R.E. 803.1. Appellant's Brief at 33. That Rule provides, in relevant part:

> The following statements are not excluded by the rule against hearsay if the declarant testifies and is subject to cross-examination about the prior statement:
>
> * * *
>
> **(1) Prior Inconsistent Statement of Declarant-Witness.** A prior statement by a declarant-witness that is inconsistent with the declarant-witness's testimony and:
>
> (A) was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition;
>
> (B) is a writing signed and adopted by the declarant; or

> (C)   is a verbatim contemporaneous electronic recording of an oral statement.

Pa.R.E. 803.1(1)(A)-(C) (comment omitted). Appellant asserts, without citation to relevant case law, that A.H.'s testimony was not inconsistent. Appellant's Brief at 36. Specifically, he argues that A.H.'s statement that she saw Appellant touch D.S. is not inconsistent with her testimony that she knew it was Appellant who touched D.S. because D.S. told her. *Id*. Appellant avers, similarly, that A.H.'s testimony that she could not remember if she witnessed Appellant touch D.S. is not inconsistent with her earlier statements. *Id*. at 37.

Although Appellant claims there was no inconsistency, we disagree. Counsel for the Commonwealth asked A.H. about the forensic interview and specifically inquired whether she told the interviewer everything she knew. N.T., 10/18/19, at 202. A.H. responded affirmatively. *Id*. Counsel then asked if "And at the time, was something you knew something that you saw happen? Was something you knew something that you saw happen?" *Id*. A.H. responded, "No." *Id*. Upon further questioning A.H. stated that she could not remember whether she told the interviewer whether she observed something or not. *Id*.

As noted *supra*, the certified record herein does not contain a copy of the forensic-interview video nor a transcript of that interview. "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the

- 10 -

materials necessary for the reviewing court to perform its duty." *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006). In the absence of a complete certified record, there is no support for Appellant's arguments and therefore, no basis upon which this Court could grant relief. *Id*. "[A]ny claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." *Id*. (citing *Commonwealth v. Williams*, 715 A.2d 1101, 1105 (Pa. 1998)). Thus, to the extent that Appellant argues the trial court erred when it found that the forensic video contained a prior inconsistent statement, the claim is waived. *Commonwealth v. Gonzalez*, 109 A.3d 711, 725-726 (Pa. Super. 2015) (finding waiver where the appellant argued taped statement was not a prior consistent statement because neither the statement nor a transcript of the statement was included in the certified record.). Appellant is due no relief on his first claim of error.[7]

In his second issue, Appellant challenges the discretionary aspects of his sentence. Appellant's Brief at 48. We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the

---

[7] Furthermore, we note that the trial court also admitted the interview video pursuant to Pa.R.E. 803.1(3). Appellant does not argue that the trial court erred in admitting the video on this basis.

appeal should be considered a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citing ***Commonwealth v. Evans***, 901 A.2d 528 (Pa. Super. 2006)):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id***. at 170. Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. ***Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001).

Here, the first, second, and third requirements have been satisfied. Appellant filed a timely appeal, raised the issue in a post-sentence motion, and included a statement raising the issue in his brief as required by Pa.R.A.P. 2119(f). In his Rule 2119(f) statement, Appellant avers that he raised a substantial question that his sentence is manifestly unreasonable because the maximum aggregate sentence is very high and not justified by the

circumstances. Appellant's Brief at 45. He further contends that a substantial question was raised when the trial court failed to place its reasons for imposing the sentence on the record, based its sentence solely on the seriousness of the crime presented, and imposed a sentence that is too severe under the circumstances of the case. *Id*. at 45-46.

"We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Ahmad*, 961 A.2d 884, 886-887 (Pa. Super. 2008). Allowance of appeal will be permitted only when the appellate court determines that there is a substantial question that the sentence is not appropriate under the Sentencing Code. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. *Id*.

The Commonwealth responds that Appellant has waived the issue relating to the trial court's failure to place its reasons for the sentence on the record because he failed to raise it before the trial court at sentencing or in his post-sentence motion. Commonwealth's Brief at 22. We agree. A review of the record reveals that Appellant did not raise this claim before the trial court, and therefore, this issue is waived. *See Commonwealth v. Mann*, 820 A.2d 788, 793 (Pa. Super. 2003) (finding the appellant waived specific

claim that trial court did not place its reasoning on the record, where the appellant failed to raise the specific issue before the trial court).

Although Appellant waived one of the grounds stated in its Pa.R.A.P. 2119(f) Statement, he preserved other reasons as discussed above. Our Supreme Court has held that a substantial question is raised where an appellant avers that the sentence is so manifestly excessive as to constitute too severe a punishment. *Commonwealth v. Mouzon*, 812 A.2d 617, 624 (Pa. 2002). Appellant has also raised a substantial question because he asserts that the trial court based its sentence solely on the seriousness of the crime. Appellant's Brief at 45 (citing *Commonwealth v. Clark*, 70 A.3d 1281 (Pa. Super. 2013)).

Because Appellant has presented a substantial question, we proceed with our analysis.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006).

> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of defendant, and it must impose an individualized sentence. The sentence should be based on the minimum confinement consistent with the gravity of the

offense, the need for public protection, and the defendant's needs for rehabilitation.

*Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa. Super. 2006). Guided by these standards, we must determine whether the court abused its discretion by imposing a manifestly excessive sentence that constitutes too severe a punishment.

In support of his argument, Appellant relies upon 42 Pa.C.S. § 9721(b), which states in relevant part:

> The court shall follow the general principle that the sentence imposed should all for total confinement that is consistent with section 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community and the rehabilitative needs of the defendant.

42 Pa.C.S. 9721(b). Appellant further argues that a court must impose an individualized sentence and may not "mete out punishment based only on the mere fact of the crime." Appellant's Brief at 58. Appellant also relies heavily upon *Commonwealth v. Coulverson*, 34 A.3d 135 (Pa. Super. 2011). In that case, the appellant pled guilty to multiple offenses, including rape, sexual assault, and other crimes. The trial court sentenced him to eighteen to ninety years of imprisonment. *Id*. at 141. During sentencing, the *Coulverson* Court made the following statement to justify its sentence,

> Mr. Coulverson, I've listened to everything that everyone had to say, including you, your lawyer, your family, the victim, the victim's family, the victim's friends. I reviewed the presentence investigation report, which I have considered along with other information.

The destruction you've caused to the victim and her family, her friends, your family, your friends, the future generations of all these people will last forever.

*Id*. at 144. This was the only statement made by the trial court to justify the sentence. *Id*. at 145. We stated:

[W]hile a crime's impact on the victim continues to be a significant element of a sentencing judge's consideration, the court may not ignore the continuum of circumstances underlying a defendant's criminal conduct, society's need for rehabilitation, or the statutory factors enunciated in our Sentencing Code on the way to imposing a maximum sentence.

*Id*. at 150. In finding that the appellant's sentence was unreasonable, this Court looked to the fact that the trial court's scant explanation "evinced no consideration whatsoever of the dysfunction that marked Coulverson's own life, his cooperation and remorse, his attempts at reclaiming a productive role in society, or the possibility that, with appropriate mental health treatment, he might succeed at rehabilitation…." *Id*. Further we noted that although the trial court referenced the pre-sentence investigation ("PSI") report, it did so only in passing and focused its attention entirely on the severity of the offenses and the victim's impact statements. *Id*. at 150.

Appellant argues that while his sentence is not as lengthy as that imposed in *Coulverson*, under the maximum sentence imposed of fourteen years of incarceration followed by fifteen years of probation, he will be under supervision until he is sixty-one years old. Appellant's Brief at 60. Appellant asserts that he essentially will have to serve twenty-nine years "based upon a touch over clothing one time each on two young girls," and such a sentence

"for two touches is manifestly excessive." *Id*. Finally, Appellant posits that the sentencing court had an "intense focus" on the fact that the victims were young and Appellant had a prior record, and made no mention of Appellant's family situation, his work history, health, or rehabilitative needs. *Id*. at 60-61.

First, we note that the trial court made several references to the PSI at Appellant's sentencing hearing, and the court was clearly aware of its contents regarding Appellant's character. In one instance, the trial court stated:

> All right. I have reviewed the Presentence Report in this case which details, inter alia, [Appellant's] extensive criminal history ranging all over the board on the types of crimes that have been previously committed and also which illustrates the failure of his supervision in the community.
>
> * * *
>
> I have considered in this case the sentencing code and the sentencing guidelines as the court must in every case, and I find that I must reject any sentence of straight probation because of the character of [Appellant] and the nature of the crimes he committed.

N.T. (Sentencing), 1/30/20, at 12-13. Moreover, the trial court discussed the fact that the case involved mitigating and aggravating factors:

> I mean, I find, you know there are all kind of factors present in this case, you know. There are some mitigating factors and there are some aggravating factors. In the final estimation, I think they balance out, and I think that what this case calls for is a standard range sentence.

*Id*. at 16-17. Finally, the court considered Appellant's rehabilitation needs when it fashioned Appellant's sentence as evidenced by the following discussion:

> I've already determined that anything short of this period of incarceration is not going to lend itself to his rehabilitation. I've found that the steps I've taken today are to effectuate his rehabilitation, and I'm sure that his parole and probation officers are going to craft conditions that are appropriately tailored to his particular case.

*Id*. at 24. Appellant's argument that the trial court did not discuss his rehabilitation needs is belied by a review of the sentencing transcript. Moreover, unlike the Court in *Coulverson*, the trial court examined not only Appellant's rehabilitation needs, but the need to protect the public. Further, the trial court was aware and had reviewed Appellant's PSI, making several references to its contents during the sentencing hearing. "When a sentencing court has reviewed a [PSI], we presume the court properly considered and weighed all relevant factors in fashioning the defendant's sentence." *Commonwealth v. Baker*, 72 A.3d 652, 663 (Pa. Super. 2013). We also note that the appellant in *Coulverson* was sentenced to a term of incarceration with a ninety-year maximum; in the instant case, the trial court sentenced Appellant to seven to fourteen years of incarceration, followed by fifteen years of probation, and set forth the reasons for doing so on the record. Appellant's reliance upon *Coulverson* is misplaced, and he has failed to establish that the trial court committed a manifest abuse of discretion when it sentenced him.

Finally, to the extent that Appellant argues that his sentence is excessive because he could potentially be under supervision until he is sixty-one years old based upon touching A.H. and D.S. only one time, over each child's clothing, that argument is not persuasive. Appellant assaulted two children under the age of ten, one of whom was under the age of five when the assault occurred. Further, Appellant is not entitled to a volume discount for his crimes. ***Commonwealth v. Swope***, 123 A.3d 333, 341 (Pa. Super. 2015).

For all the foregoing reasons, judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2021